# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48417-0-II |
| Respondent, | |
| V. | |
| | UNPUBLISHED OPINION |
| OLAJUWON JONES, | |
| Appellant. | |

JOHANSON, J. — A jury found Olajuwon Jones guilty of one count of luring under RCW 9A.40.090.  On appeal, Jones challenges the jury instruction setting out the elements of luring. Jones argues that the trial court failed to instruct the jury that the State must prove the defendant's criminal intent beyond a reasonable doubt.  The State concedes that the instructions to the jury were deficient.  We agree and we reverse and remand for a new trial.[1]

## FACTS

On August 8, 2015, 14-year-old L.Z. walked to the Lakewood library from her home.  As L.Z. approached the library, Jones, whom she did not know, offered to give L.Z. a ride home and then offered to walk L.Z. home.  L.Z. declined both offers and then walked away and called her mother.  When L.Z.'s mother arrived, they called the police.  The police apprehended and arrested Jones.

---

[1] Jones also seeks waiver of appellate costs.  But because we remand for a new trial, the appellate costs issue is not ripe.

The State charged Jones with one count of luring. At trial, the court instructed the jury that a person

> commits the crime of luring when he or she orders, lures, or attempts to lure a person under the age of 16 into an area or structure that is obscured from or inaccessible to the public or into a motor vehicle, if the perpetrator is unknown to the other person and does not have the consent of the other person's parent or guardian.

Clerk's Papers at 55. The jury found Jones guilty. Jones appeals.

ANALYSIS

Jones argues that the trial court erred by failing to instruct the jury that the State had the burden to prove that Jones acted with the intent to harm the health, safety, and welfare of a minor. In light of our decision in *State v. Homan*, 191 Wn. App 759, 778, 364 P.3d. 839 (2015), we agree.

We review jury instructions de novo. *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006). We consider instructions sufficient if, when read as a whole, they properly inform the jury of the applicable law. *State v. Irons*, 101 Wn. App. 544, 549, 4 P.3d 174 (2000). Jury instructions must convey "that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt." *State v. Sibert*, 168 Wn. 2d 306, 315, 230 P.3d 142 (2010). Instructions that relieve the State of its burden to prove every element of the crime require automatic reversal. *State v. Brown*, 147 Wn.2d 330, 339, 58 P.3d 889 (2002).

Here the trial court did not instruct the jury as to the State's burden to prove that Jones acted with criminal intent to harm L.Z. *Homan*, 191 Wn. App. at 777. In *Homan*, we held that RCW 9A.40.090, as written, is facially overbroad and unconstitutional. *Homan*, 191 Wn. App. at 777-78. To render RCW 9A.40.090 constitutional, we held that the statute must be construed as containing an implied element of criminal intent. *Homan*, 191 Wn. App. at 778.

Consequently, in order to find a defendant guilty under this reading of RCW 9A.40.090, the State must prove that the defendant's conduct was "done with the intent to harm the health, safety and welfare of the minor or person with a developmental disability." *Homan*, 191 Wn. App. at 777.

The State concedes the jury was not instructed that the State was required to prove beyond a reasonable doubt that Jones acted with the requisite criminal intent to convict him of luring. *See Homan*, 191 Wn. App. at 777. The trial court's failure to instruct the jury on the State's burden to prove Jones's intent to harm L.Z. is reversible error. *See Brown*, 147 Wn.2d at 339.

## CONCLUSION

We hold that the trial court erred in failing to instruct the jury that the State bore the burden to prove that Jones acted with criminal intent to harm L.Z. under RCW. 9A.40.090. Accordingly, Jones's conviction is reversed, and we remand for retrial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, J.

We concur:

Worswick, J.

Maxa, A.C.J.

3